## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**ALDIFONSO FEDERICO GONZALES, JR.**
**Reg. # 92754-079**                                                    **PLAINTIFF**

**V.**                          **CASE NO. 4:09CV00746 DPM/BD**

**UNITED STATES OF AMERICA**                                        **DEFENDANT**

### RECOMMENDED DISPOSITION

**I**.     **Procedure for Filing Objections**

The following Recommended Disposition has been sent to United States District

Judge D.P. Marshall Jr.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than fourteen (14) days from the date of the Recommended Disposition.  A copy will be

furnished to the opposing party.  Failure to file timely objections may result in waiver of

the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

II.   **Background**

Plaintiff, a Bureau of Prisons ("BOP") inmate formerly housed in the Federal Correctional Institution at Forrest City, Arkansas ("FCI-FC"), brought this action pro se under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq*.  In his Complaint (docket entry #2), Plaintiff claims that employees of the FCI-FC negligently failed to protect him from attack by fellow inmates.[1]

Now pending are Defendant's motion for summary judgment (#27) and Plaintiff's motion to compel (#50).  Plaintiff has responded to the motion for summary judgment (#48).  For the following reasons, the Court recommends that Defendant's motion for summary judgment be granted; that the case be dismissed with prejudice; and that the motion to compel be denied as moot.

III.   **Discussion**

A.   *Summary Judgment Standard*

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact.  Fed.R. Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or

---

[1] Plaintiff did not bring a failure-to-protect claim under the Eighth Amendment.

otherwise, designate "specific facts showing that there is a genuine issue for trial."  FED.

R. CIV. P . 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005)

(internal citation omitted) ("The nonmoving party may not rest on mere allegations or

denials, but must demonstrate on the record the existence of specific facts which create a

genuine issue for trial.")

   If the opposing party fails to carry that burden or fails to establish an essential

element of a claim or defense on which it will bear the burden of proof at trial, summary

judgment should be granted.  See *Celotex*, 477 U.S. at 322.  Pro se complaints are to be

construed liberally, but they still must allege "sufficient facts to support the claims

advanced."  *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

B.     *Subject Matter Jurisdiction*

   In its motion for summary judgment, Defendant contends that this Court lacks

subject matter jurisdiction over Plaintiff's FTCA claim.  In support of its contention,

Defendant cites the discretionary function exception to the FTCA.

   Under the FTCA, the United States waives sovereign immunity in cases of

personal injuries caused by federal government employees acting within the scope of their

employment.  28 U.S.C. § 1346(b).  This immunity waiver and the Court's concomitant

jurisdiction under 28 U.S.C. § 1346(b) do not extend, however, to claims "based upon the

exercise or performance or the failure to exercise or perform a discretionary function or

duty on the part of a federal agency or an employee of the Government, whether or not

the discretion involved be abused." 28 U.S.C. § 2680(a).  If an alleged act falls within the discretionary function exception, this Court is without subject matter jurisdiction. *Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 672 (8th Cir. 2008), (citing *Dykstra v. U .S. Bureau of Prisons*, 140 F.3d 791, 795 (8th Cir. 1998)).

The Supreme Court developed a two-step test to determine whether an act falls into the discretionary exception to the waiver of immunity. *Berkovitz v. United States*, 486 U.S. 531, 536-537, 108 S.Ct. 1954, 1958-1959 (1988).  First, the Court must determine whether a statute, regulation, or policy mandates a specific course of action. *Id*.  If so, the act or omission is not considered discretionary, and the waiver of immunity allows a lawsuit to proceed.

If the governmental act or omission at issue is the product of judgment or choice, however, the Court must proceed to step two of the test and decide whether the judgment or choice is grounded in social, economic, or political policy.  If the action at issue is based on any of these policy considerations, the discretionary function exception applies; the immunity waiver does not extend to the lawsuit; and federal courts lack subject matter jurisdiction over the action. *Id*.

Plaintiff first alleges that FCI-FC employees violated the duty of care owed to him under 18 U.S.C. § 4042. (#2)  Specifically, Plaintiff alleges that FCI-FC employees violated this duty by allowing inmates from other housing units to enter Plaintiff's housing unit, resulting in his assault.

4

To the extent Plaintiff's FTCA claim involves the general placement and movement of inmates, the FTCA's discretionary-function exception under 28 U.S.C. § 2680(a) applies; there is no waiver of immunity; and the Court lacks jurisdiction. Placement and movement of inmates is discretionary and susceptible to policy-related analysis.  Title 18 U.S.C. § 4042, the statute Plaintiff relies on in support of his FTCA claim, does not mandate a specific, non-discretionary course of conduct, but rather leaves ample room for judgment.  *Santana-Rosa v. United States*, 335 F.3d 39, 44 (1st Cir. 2003) (citing *Cohen v. United States*, 151 F.3d 1338, 1343 (11th Cir. 1998)); see also *Muick v. Reno*, 83 Fed.Appx. 851, 853 (8th Cir. 2003) (unpublished) (18 U.S.C. § 4042 reserves to the BOP sufficient discretion in fulfilling its section 4042 duty to trigger the discretionary- function exception).

Plaintiff also alleges, however, that the FCI-FC officers failed to follow an FCI-FC policy promulgated under the general duty of care required by 18 U.S.C. § 4042 when they permitted inmates from a separate housing unit to enter Plaintiff's housing unit, where the assault occurred.[2]  In support of its motion for summary judgment, Defendant attaches the declaration of FCI-FC's Deputy Captain, Lawrence Howard, who states that there is no such policy.  Mr. Howard states that there are "Post Orders which detail the duties and responsibilities of each post/assignment" for FCI-FC officers during the

---

[2] This verified allegation contradicts the administrative response to Plaintiff's FTCA claim where Regional Counsel found the offending inmates were assigned to Plaintiff's housing unit (#2, p. 12-13).

various shifts.  (#29-1)  The post order for the officer assigned to Plaintiff's housing unit on the night of the alleged assault, "does not include as part of the Officer's duties the responsibility of ensuring that inmates from other housing units do not enter a different housing unit."  (#29-1 at p.3)  Assuming this is true, there was no mandatory FCI-FC policy or guideline promulgated under the general duty of care owed to Plaintiff under 18 U.S.C. § 4042, requiring unit officers to keep inmates from other units out of the Plaintiff's unit.

In response, Plaintiff attaches post orders for the 4:00 p.m. to 12:00 midnight shift at the Federal Correctional Institution in Oxford, Wisconsin.  These post orders provide that at 5:30 p.m., "[c]ontrolled 10 minute movements will begin."  Plaintiff argues that this means it is the officer's responsibility to "keep other inmates out of their units during these controlled movements."  Further, Plaintiff claims that such a policy must exist because, "if other inmates are found in said unit they are to be written [up in] an incident report."

Reading the post order as a requirement that officers in one unit keep inmates from other units from entering is a stretch.  The language in the post order Plaintiff highlights to support his position is far more consistent with Deputy Captain Howard's statement that, "Unit Officers attempt to ensure all inmates who enter the unit are assigned to that unit, [but] there is no guarantee inmates will not either distract or slip by the Unit Officer.

. . .  The officer is responsible to take action only if an inmate is caught in an

unauthorized area."

Plaintiff has not offered any evidence from which the Court could conclude that

there was a mandate requiring FCI-FC officers in Plaintiff's unit to ensure that inmates

from other housing units did not enter the unit.  Guidelines providing for "controlled"

movement of inmates, or for reporting inmates caught in unauthorized areas, are not

evidence of such a duty.  Accordingly, the Court must conclude that there was no

regulation or policy mandating a specific course of action.  See *Dykstra*, 140 F.3d at 795-

96 (discretionary function exception applied to bar suit against prison officials when

regulation did not use mandatory language requiring staff to place inmate in protective

custody); see also *Hart v. United States*, No. CIV 08-1020, 2010 WL 545399 at *3

(D.S.D. Feb. 11, 2010) (handbook policy which gave officers discretion in determining

whether to restrain an arrestee immediately upon arrest satisfied first prong of the

discretionary function exception).

With the first step of the discretionary function exception test satisfied, the Court

must turn to the question of whether the actions of the FCI-FC officers were based on

considerations of public policy.  *United States v. Gaubert*, 499 U.S. 315, 323, 111 S.Ct.

1267 (1991).  As the Supreme Court noted in *Gaubert*, for a complaint to survive a

motion to dismiss, it must "allege facts which would support a finding that the challenged

actions are not the kind of conduct that can be said to be grounded in the policy of the

7

regulatory regime." *Id*. at 324-25.  Accordingly, the Court must presume that the actions are grounded in public policy, and Plaintiff bears the burden of presenting facts to support a finding that the BOP's actions were based on grounds other than considerations of public policy.

Even though public policy considerations are presumed, Duty Captain Howard's declaration provides evidence to support the Defendant's contention that the actions of the FCI-FC officers were grounded in public policy.  He states:

> To ensure that the policies of the BOP are properly carried out, and to allow for the orderly and proper functioning of the Unit the post orders assign duties to unit officers such as pat-searching inmates, conducting cell searches and shakedowns, processing inmate mail, making rounds throughout the unit, monitoring inmate activities; therefore it is not practicable or possible for the Evening Unit Officer to watch every inmate who enters and exits the housing unit during the Evening shift.

(#29-1 at p. 3)  Conversely, Plaintiff has not presented any evidence from which the Court could conclude that the actions of prison officials at FCI-FC were *not* grounded in public policy.

As the Eighth Circuit stated in *Dykstra*, "[p]rison officials supervise inmates based upon security levels, available resources, classification of inmates, and other factors. These factors upon which prison officials base such decisions are inherently grounded in social, political, and economic policy." *Dykstra*, 140 F.3d at 796.  Accordingly, the discretionary function exception applies to the actions of the officers of the FCI-FC, and this Court lacks subject matter jurisdiction to consider the Plaintiff's Complaint..

8

IV.    **Conclusion**

The Court recommends that the District Court grant Defendant's motion for summary judgment; dismiss the Plaintiff's complaint (#2) with prejudice; and deny the Plaintiff's motion to compel (#50) as moot.

DATED this 23rd day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

9